IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-03043-RBJ

DIRTT ENVIORNMENTAL SOLUTIONS, INC.,

    Plaintiff,

v.

ONECBI, LLC,

    Defendant.

---

ORDER on MOTION TO DISMISS

---

    Plaintiff ("Dirtt") filed this civil action on October 9, 2020, asserting claims of violation of the Colorado Consumer Protection Act, violation of the federal Defend Trade Secrets Act, and breach of contract. ECF No. 1. The gist of it is that defendant ("CBI") allegedly breached a contractual obligation to protect Dirtt's confidential information to which CBI gained access while supposedly attempting to market Dirtt solutions to CBI's clients.

    Dirtt filed a motion for a preliminary injunction. ECF No. 22. On November 30, 2020 CBI filed its response brief. ECF No. 27. On the next day, December 1, 2020 Dirtt filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF No. 28.

    That same day, December 1, 2020, this Court issued a minute order which stated:

> Plaintiff would appear to have the right voluntarily to dismiss the case without prejudice under Rule 41(a)((1)(A)(i). However, there is no indication that plaintiff's counsel conferred with defendant's counsel as a matter of professional courtesy, and the Court notes that plaintiff waited until the day after the defendant

1

> had filed its opposition to the motion for a preliminary injunction to file its notice of voluntary dismissal. If defendant opposes dismissal without prejudice and has any legal basis for doing so or for seeking an award of fees or costs, please file a statement of your position promptly, i.e., no later than December 4, 2020.

ECF No. 29.

CBI then filed a statement of intent to seek attorney's fees. ECF No. 30. That in turn has led to Dirtt's pending motion to terminate the proceedings for lack of jurisdiction in which it relies on its "absolute right" to dismiss its case without prejudice in the circumstances, ECF No 34.

Rule 41(a)(1) provides for a voluntary dismissal of a civil action by the plaintiff. In pertinent part it provides,

> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But, if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Here, Rules 23(e), 23.1(c), 23.2 and 66 are not relevant, nor has CBI identified a federal statute that would preclude a voluntary dismissal. CBI had not filed an answer or a motion for summary judgment. There is no indication that plaintiff previously dismissed an action based on or including the same claim. Thus, under the plain language of the rule, plaintiff had a right to dismiss this action. The Tenth Circuit agrees:

> Under Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court. The [filing of a Rule 41(a)(1)(i) notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. ***This is a***

> ***matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.***  There is not even a perfunctory order of court closing the file.  Its alpha and omega was the doing of the plaintiff alone.  The effect of the filing of notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.  Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims ***or issue further orders pertaining to them***.

*Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (emphasis added).  *Accord, De Leon v. Marcos,* 659 F.3d 1276, 1283 (10th Cir. 2011); *Smith v. Phillips,* 881 F.2d 902, 904 (10th Cir. 1989).

CBI does not dispute plaintiff's right to dismiss the action or that the dismissal is without prejudice.  *See* ECF No. 35.  Rather, it argues that a claim for attorney's fees is a collateral matter that is not foreclosed by a voluntary dismissal.  In *Cooter & Gell v. Hartmarx,* 496 U.S. 384 (1990) the Court held that a voluntary dismissal under Rule 41(a)(1)(i) did not deprive the district court of jurisdiction to award attorney's fees as a sanction for a Rule 11 violation.  *Id.* at 395.  However, the Court did not limit its ruling to Rule 11 proceedings.  In explaining its decision, the Court stated,

> It is well established that a federal court may consider collateral issues after an action is no longer pending. . . . This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree. . . . Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action.  Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.  Such a determination may be made after the principal suit has been terminated.

*Id.* at 395-96 (citations omitted).

That did not address whether attorney's fees could be awarded after a Rule 41(a)(1) voluntary dismissal based on a contract clause that provides for an award of attorney's fees to the

3

"successful or prevailing party," which appears to be the basis for CBI's contemplated motion for an award of attorney's fees. However, the Tenth Circuit has addressed that issue, holding that "[v]oluntary dismissal of an action ordinarily does not create a prevailing party because in order to create a prevailing party there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Lorillard Tobacco Co. v. Engida,* 611 F.3d 1209, 1215 (10th Cir. 2010).

Accordingly, this Court will not award attorney's fees to CBI based on the prevailing party language in its contracts. If CBI has a good faith basis in fact and law to seek an award attorney's fees on some other basis, i.e., a basis that is collateral to the merits of the claims such as an award of fees as a sanction, the Court will consider it.

## ORDER

Plaintiff's motion to terminate Proceedings for lack of jurisdiction, ECF No. 34, is granted in part and denied in part. To the extent that the defendant is contemplating a motion for an award of attorney's fees under the prevailing party clauses of the parties' contracts, the motion to terminate is granted. If defendant has a good faith basis in fact and law for a motion for an award of attorney's fees as a sanction per an applicable statute or rule, the Court will consider it. To avoid further delay, the Court sets a deadline of February 23, 2021 for the defendant to file such a motion if it has a good faith basis for doing so.

DATED this 9th day of February, 2021.

BY THE COURT:

5

_____

R. Brooke Jackson
United States District Judge